Dear Mr. Lancaster:
This office is in receipt of your opinion request regarding the lease of Rosenwald High School by the Tensas Parish School Board. Specifically, you raise the following issues for our consideration:
 (1) Can the Tensas Parish School Board lease an abandoned school site to a non-profit organization without going through a bid process?
 (2) Can the rent be for a nominal rate, such as $1.00 per year?
 (3) Are there any restrictions on the length of the lease?
 (4) Are the answers any different if the purpose of the lease is to enhance economic development?
In response to the first issue raised, we direct your attention to LSA-R.S. 17:87.6 which provides:
 Any parish or city school board may sell, lease or otherwise dispose of, at public or private sale, for cash or on terms of credit, any school site, building, facility or personal property which is not used and, in the judgment of the school board, is not needed in the operation of any school or schools within its jurisdictions. Any such sale, lease or disposal of such school property shall be on such terms and conditions and for such consideration as the school board shall prescribe.
The plain language of this statute allows a school board to lease any school site which is not used and is not needed in the operation of schools. Also applicable, however, is LSA-R.S.41:1214, regarding the leasing of public lands.
LSA-R.S. 41:1214 requires advertisement in the official journal of the parish where the land is located and secret, sealed bids forwarded through the United States mail. In Hall v. Rosteet,169 So.2d 903 (La. 1964), the Louisiana Supreme Court concluded that in the absence of an express permissive provision in a special law that authorizes a public entity's leases to be negotiated without advertisement and competitive bidding, all public lands must be leased in accordance with the provisions of LSA-R.S.41:1214. Accordingly, it is the opinion of this office that leasing of any school site under the provisions of LSA-R.S.17:87.6 shall be pursuant to the advertisement and competitive bidding requirements of LSA-R.S. 41:1214. In accord: Atty. Gen. Ops. 93-483, 89-209.
Turning to your second question, we direct your attention to the provisions of LSA-Const. Art. 7 § 14(A), which in pertinent part states:
 "[T]he funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private."
If the School Board leases the property for less than a serious consideration, then the lease would be tantamount to a donation, in violation of the Constitution. See Atty. Gen. Op. 89-209, which determined that the consideration for the lease of School Board property should relate to the value and utility of the property as well as area market conditions. In our opinion, $1.00 per year is not serious and adequate consideration. Your second question must, therefore, be answered in the negative.
The third issue raised by your request concerns the term of the lease. As previously stated, school board leases must adhere to the public bid process, LSA-R.S 41:1211 et seq. Therefore, the term of the lease is governed by LSA-R.S. 41:1217(A) which provides that the term shall not exceed ten years. LSA-R.S.41:1217(A)(1-2) allows extensions of this ten year period when the lessee adds or contracts for permanent improvements to be constructed or placed on the land, but these extensions may not exceed thirty years beyond the initial ten year period.
In response to the final issue which you raise, we direct your attention back to LSA-R.S. 17:87.6, which places no emphasis on the purpose of the lease. Furthermore, the School Board is not authorized or obligated to engage in economic development. As such, the opinion of this office regarding the issues raised in your request would not change if the purpose of the lease was to enhance economic development.
To summarize, it is the opinion of this office that the Tensas Parish School Board may lease the Rosenwald High School site in compliance with the public lease law.
Specifically, the board must follow the advertisement and competitive bidding requirements of LSA-R.S. 41:1214 and the term limitations of LSA-R.S. 41:1217. The lease must be for a serious and adequate consideration and this opinion does not change if the purpose of the lease is to enhance economic development.
Trusting this addresses your concerns, I am
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
BY: ____________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General RPI:JMZB:jv